# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Gartor Kiki Brown
(Name of Plaintiff)   (Inmate Number)

1100 Pike St, Huntingdon, PA 16654
(Address)

(2) _____
(Name of Plaintiff)   (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) Wexford, Paul, PA Ce, Kauffman, Dr. John Doe
(2) P.A. John Doe, PA Jean Doe, Nurse Jean Doe, Nurse Eric
(3) Nurse Smith, LT Frank, Ploski, K Kirch, Kendrick, Weyant, Grove
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

3:19cv839

N/A
(Case Number)

CIVIL COMPLAINT

**FILED**
**SCRANTON**

MAY 15 2019

PER _____ Amo
DEPUTY CLERK

TO BE FILED UNDER: ✓ 42 U.S.C. § 1983 - STATE OFFICIALS
_____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

    A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

N/A

_____
_____
_____
_____

# Civil Action Complaint

## I Jurisdiction

1. Plaintiff brings this case under federal, state and Constitutional laws.
2. Plaintiff seeks compensatory and punitive damages, together with attorney's fees and costs.
3. Jurisdiction of this matter is conferred upon this Court by 28 U.S.C. 1331, supplemental jurisdiction over Plaintiff's states law claims is granted by 28 U.S.C. 1367.
4. Venue lies in this judicial district in that the events which gave rise to this claim occurred here.

## II Exhaustion Of Legal Remedies

5. Plaintiff Gartor Kiki Brown used the Prisoner Grievance Procedure available at SCI Huntingdon in attempt to resolve this serious dispute.
6. On 8/04/18 Brown filed two different grievances: grievance #1 predicated claims of Cruel & Unusual Punishment, Negligence, medical malpractice against defendants.
7. In grievance #1 Brown also brought Municipal claims for Inadequate Medical Treatment, failing to install stress buttons in the RHU cells against Kauffman, Waxford, Paula Price.
8. In grievance #2 Brown brought claims of Retaliation, Cruel & Unusual Punishment, Due Process of the 14th Amendment, Damage of Property, Negligence, Discrimination, and Municipal claims for "Blueing" Policy against C/O Plocinik, LT. Frank, C/O Kirsh, Unit Manager Kendrick, C/O Weyant, also Intentional Infliction of Emotional Distress.
9. To not cause any confusion the above defendants were defendants in grievance #1 pursuant to Brown's medical claims also including P.A. John Doe, P.A. Jean Doe, Nurse Jean Doe, Nurse Eric, Nurse Emigh, Dr. John Doe.
10. The knew Unit Manager House responded to Brown's grievance on 9/28/18, addressing both grievances in one also numbering them "75 1312" Brown claims were denied.
11. Brown appealed both grievances to the Facility Manager also asserting that Cpt. House had numbered both grievances "751312" Brown did not receive a respond from the Facility Manager, in which he appealed to the secretary's office on 12/11/18; the grievances were send back to the Facility Manager level, on 1/11/19 Brown received a request for an extension of time, on 3/5/19 the Facility Manager would denied Plaintiff's grievances and only samed to address grievance #1 inspite acknowledgement of Cpt. House addressing both grievances as one grievance; Brown then appealed back to secretary's office and it was denied.

## III Parties

12. Plaintiff Gartor Kiki Brown, is an adult individual currently in the custody of the D.O.C. at S.C.I. Huntingdon, Plaintiff was housed at SCI Huntingdon during the time of his claims.
13. Defendant Waxford, was the medical provider at S.C.I. Huntingdon during the time of Brown's claims, it's a municipality registered to transact business with in the D.O.C. in providing medical care, employs agens to operate, manages, directs & control the medical department.
14. Defendant Paula Price was and still is the medical director at S.C.I. Huntingdon, acting under the color of state law, pursuant to either officials policy, custom or practice in individual and official capacity.
15. Defendant Kauffman was and still is the Facility Manager, acting under color of state law, pursuant to either official policy, custom or practice in individual and official capacity.
16. Defendant Dr. John Doe was and still is a medical doctor at SCI Huntingdon, acting under the color of the law, this defendant was acting in concert and conspiracy with other employees to deprive Plaintiff of his constitutional rights.
17. Defendant P.A. John Doe was a P.A. at S.C.I Huntingdon, might be known as "Danzell." Brown is unaware if this defendant still works at S.C.I. Huntingdon, this defendant was acting under the color of the law & in concert and conspiracy with other employees to deprive Brown of his constitutional rights.
18. P.A. Jean Doe was a P.A. at S.C.I. Huntingdon, Plaintiff is unaware as to this defendant still under contract at SCI Huntingdon, this defendant was acting under the color of state law in concert and conspiracy with other employees to deprive Plaintiff of his constitutional rights.
19. Nurse Jean Doe was and still is a nurse at SCI Huntingdon, this defendant was acting under the color of the law, & in concert and conspiracy with other employees to deprive Plaintiff of his constitutional rights.
20. Defendant Nurse Eric is a nurse and still works at SCI Huntingdon, this defendant was acting under the color of the law & in concert and conspiracy with other employees to deprive Plaintiff of his constitutional rights.

1. Defendant Nose Enright was and still is a nurse and RN longtime at S.C.I. Huntingdon. This defendant was working or acting under the color of the law & in concert and conspiracy with other employees to deprive Plaintiff of his constitutional rights.

2. Defendant LT. Frank was and still is a Lieutenant at S.C.I. Huntingdon, acting under color of law, pursuant to either official policy, custom or practice in both an individual and or official capacity. This defendant was acting in concert and conspiracy with other employees to deprive Plaintiff.

3. Defendant C/O Plocinik was and is still a Prison guard at S.C.I. Huntingdon, acting under the color of law, pursuant to either official policy, custom or practice in both an individual and or official capacity. This defendant was acting in concert and conspiracy with other employees to deprive Plaintiff of his state and constitutional rights.

4. Defendant C/O Kirsh was and still is a Prison guard at SCI Huntingdon, acting under the color of state law, pursuant to either official policy, custom or practice in both an individual and official capacity. This defendant was acting in concert and conspiracy with other employees to deprive Plaintiff.

5. Defendant Unit Manager Kendrick was and still is a lieutenant at SCI Huntingdon, acting under the color of state law, pursuant to either official policy, custom, or practice in both an individual and or official capacity. This defendant was acting in concert and conspiracy with other employees to deprive Plaintiff.

6. Defendant C/O Weyant was and still is a Prison guard at S.C.I. Huntingdon, acting under the color of state law, pursuant to either official policy, custom, or practice in both an individual and official capacity. This defendant was acting in concert and conspiracy with other employees to deprive Plaintiff.

7. Defendant C/O Grove was and still is a Prison guard at S.C.I. Huntingdon, acting under the color of state law, pursuant to either officials policy, custom, or practice in both an individual and or official capacity. This defendant was acting in concert and conspiracy with other employees to deprive Plaintiff of his constitutional rights.

## Facts

8. On or about July 26, 2018 at or around 4:30 Pm at S.C.I. Huntingdon on G.D. Cell 106 defendant C/O Plocinik handed Plaintiff a dinner tray.

9. While syphonicly chewing and drinking, Plaintiff would adventitiously swallow a solid object that was in his food, thus causing prevasive choking and coughing.

10. Plaintiff robust banging on his cell door and wall was caused by the sharp pain he was feeling in his throat and the lack of stress buttons in every cell.

11. Consequently C/O Plocinik would come to Plaintiff's cell door as inmates were contemporaneously kicking and hitting doors as a result of Plaintiff's poignant cry for help, C/O Plocinik actions were as Brown should not be choking, in which he predicated that he had put a small metal in his food. That's when Plaintiff realized he had suffered an adverse action stemming from a prior encounter with Plocinik on 7/25/18 as he was handing back Plaintiff's legal copys, he asserted to Brown that he read the sue then directed Brown not to send it out.

12. On this day C/O Kirsh, C/O Grove, and Nurse Jean Doe would also come to Plaintiff's cell door in which their actions were unscrupulous, with J. Kirsh telling nurse Jean Doe "he's fak-eing fuck him."

13. At this time all defendants failed to followed any medical procedure outline in DC-ADM 820 or 93.12 Prison medical service program pursuant to medical emergency.

14. At all times material, all defendants within "LT. Frank", were acting in there official capacity and within the course and scope of their employment, and under color of state law. Frank's actions were also unscrupulous as he notice blood on the floor around Brown i.e. than ignoring Plaintiff. After an inmate flooded his cell next to Plaintiff's cell inevithly water would enter Plaintiff's cell, defendant's actions would be drastic as to subject Plaintiff to a "Bluesing" policy.

15. It's a custom so commen it has a "nick-name", presumably intended to prevent inmates from playing the mental health role, or just out-right punishing inmates.

16. Plaintiff was tooken out of 106 cell by defendants Kirsh, Plocinik, Frank, Grove, Kendrick and forced into a bluesing cell.

17. Defendants confisated all Plaintiff's property, dubiously turn the water to his cell off with which they put him into the freezing cell without the basic necessity for life, water Plaintiff would have to drink toilet water for six days to stay alive, bed, skippy, toilet paper, sheets, blanket, socks, tooth paste, toothbursh, soap, Asthmas inhalerors, boxers, t-shirt ect... The cell was so cold their were ice particles on the wall, everytime Plaintiff talked he could see his breath agilely around, Plaintiff veins would turn blue, legs numb to the point he fell paralyze.

38. During Plaintiff's stay in the bluesing cell, he would suffer cruel conditions, and was subject to deprivation of food trays, showers, rec by defendant Wevant and all other defendants, this course would also subject Plaintiff to lucit rancorous racial discrimination from white officials.

39. All defendants acted in concert and conspiracy, partraipated in depriving Plaintiff of due process and other constitutional rights.

40. Plaintiff would have encounters with all defendants from 7/27/18 through 7/31/18 through his cell door, Plaintiff would predicate to defendant Frank, the drastic cell conditions and his dying request for medical attention, as well as to c/o Wevant, c/o Plocinik, c/o Kish, c/o Grove and Kendrick, they would all ignor him.

41. Plaintiff also had encounters with Nurse Eric and Nurse Emigh asserting that the metal or sharp foreign object was still in him, & his symptoms were swollen throat, internal bleeding, sharp pain in stomach and around his vital organs, ribs, groin, & hip flexer pain, numb legs, hands, skin changing colors, left shoulder and right shoulder pain, bruises on both hips, radial nerve injury, nerves system shock etc. Both Nurses ignored Brown's claims.

42. Plaintiff was taken out the bluesing cell on 7/31/18 but was still deprived of basic necessity.

43. On 8/1/18 Plaintiff would have an encounter with P.A. John & Jean Doe, thus Plaintiff would again predicate his concerns in expressing that he was in excruciating pain i.e. with same symptoms as days prior in reference to the encounters with Nurse Eric & Emigh, both defendants would assert that it was the first time the medical department knew of Plaintiff's condition, which contradicts House Grievance responds & the fact that Plaintiff had other encounter with members from medical through the glass cell door.

44. Plaintiff encountered a Dr. John Doe during X-rays, P.A. John Doe, Jean Doe, & Dr. John Doe told Plaintiff X-rays were positive for an object that looked like a fishing hook. All three defendants failed to follow any regulation outline in DC ADM 820 policy or the 93.12 Prison medical services program. Plaintiff was send back to his cell without evaluating any of Plaintiff's symptoms.

45. Follow up X-rays would also show to be positive two days later & defendants failed to prescrib pain medication, evaluate or diagnosis Plaintiff, although now same very concern LT. Frank would interfere with any course of treatment set by the medical department, by demaning Brown be tooken back to his cell, after medical officials put Plaintiff in a cell & cuffing him to the wall in attempts to monitor his valve movement. Plaintiff was send back to his cell in excruciating pain.

46. A third X-ray was conducted, officials would not show Plaintiff the X-rays as like the other two, but would claim the object was gone. That would contradict the pain & internal bleeding Plaintiff was still subject to. Plaintiff would hand sick calls to nurses asking for medical help, Brown would witness one nurse give his sick call to a prison guard to put in the trash.

47. Defendants Paula Price, Kauffman, Wexford acted with deliberate indifference in housing Plaintiff in a institution without a stress button, and failing to provide adequate medical service of failing to properly train, supervise, and discipline the defendants medical & non medical officials, in also ignoring multiple complaine from other inmates pertaining to lack of medical treatment, and lack of stress buttons in the BHU cells, The failure to train, supervise & discipline was the motivating factor of lack herein, with the policy of not having stress buttons, Brown was unable to get the help he needed at a time of distress, in which caused a constitutional violation herein below alleged.

48. At all times material, the actions taken by defendants in subjecting him to the bluesing policy clearly deprived Plaintiff of his constitutional, statutory and or other rights.

49. As a direct result of the aforementioned misconduct, Plaintiff sustained severe, serious and permanent impairment and injuries, bruising, acute pain in stomach, around vital organs, groin & hip flexer pain to the point, Plaintiff is unable to run, jump, & do physical activitys, neck pain, and other internal injuries Plaintiff is unaware of & all of which may be permanent in nature, swollen or cut damages to his lungs & or throat, bruising, acute pain in stomach, around vital organs.

50. From a planted object in Plaintiff's food, to being subject to bluesing policy that many other inmates has been subject to, lack of water for six days, in which Plaintiff would have to drink toilet water to stay alive, to injuries left untreated as a further result of the aforementioned misconduct, Plaintiff has in the past and will in the future experience, mental anguish, emotional suffering, together with physical pain and suffering and other non-economic losses.

## Count I
## Civil Rights Violation

51. Plaintiff incorporates paragraphs 1-50 as if same were fully set forth at length herein.

52. A direct and proximate result of defendant's conduct, committed under color of state laws, Plaintiff was deprived of his rights to be free from cruel and unusual punishment, unreasonable retaliation, and due process of law. As a result, Plaintiff suffered and continues to suffer harm, in violation of his rights under the laws and constitution of the United States of America, in particular First, Eighth, & Fourteenth Amendments thereto, 42 U.S.C. 1983 and it's corollary under the Pennsylvania constitution.

. As a direct and proximate result the act of defendants, Plaintiff sustained Pain, permanent injury, emotional distress, all to his detriment (set forth above and incorporate by reference).

4. The actions described herein of defendants were malicious, intentional, and displayed with a reckless indifference to the rights, safety, and well being of the Plaintiff, that imposition of punitive damages are warranted.

Wherefore, Plaintiff demands judgment against the defendants individually and/or severally for compensatory damages in an amount in excess of $75,000.00, plus punitive damages in excess of $300,000.00, attorney's fees and costs, and such other relief and costs this Honorable court deems necessary and just.

## COUNT II

5. Plaintiff incorporates paragraphs 1-54 as if same were fully set forth at length herein.
6. At the time of the aforementioned incident defendant's violated Plaintiff under these Municipal Policy; Bluesing Policy, Failing to install stress buttons in the RHU cells, Failing to Provide Adequate Medical Care as is out line in 93.12 Prison Medical Services Program and DC-ADM 820. The Bluesing Policy is a custom so common it has a nick-name. Presumably intented to Prevent inmates from Playing the mental health role, or just out right to punish inmates. Inmates are put in a camera cell with freezing temperature during which the air is on full blast, the cells are so cold you can see ice particles on the wall, inmates are sometimes cloth, and sometimes not, they are then deprived of the basic necessity for life like water, food, bed etc. Also citing paragraphs (37,38). The failure to Provide Adequate medical is also common at SCI Huntingdon especially in the R.H.U. inmates are subject to untrain nurses and guard making medical decisions. The failur to adequately monitor, supervise, train, and or control officials or agents, failure to discipline staff, employees, failure to monitor the health and welfare of those in custody, failure to provide appropriate medical attention to those in custody all contributed to inadquate medical treatment of Plaintiff. The lack of stress button is also a clear policy, their are no stress buttons in any cells at SCI Huntingdon in which they house inmates like Brown that have on going chronic condition.

Wherefore, Plaintiff demands judgment against the defendants individually, jointly and/or severally for compensatory damages in an amount in excess of $100,000.00, plus punitive damages in excess of $350,000.00, attorney's fees and costs, and such other relief and costs that Honorable court deems necessary and just.

## COUNT III

7. Plaintiff incorporates by reference paragraphs 1-56 above as if the same were fully set forth at length herein.
8. At the time of the aforementioned incident the Negligence, Discrimination, Intentional Infliction of Emotional Distress, Damage of Property of defendants consisted, but was not limited to the following.
A) Placing a foreign object in Plaintiff's food. B) Subjecting Plaintiff to a cell with no stress button. C) Subjecting the Plaintiff to Bluesing Policy and cruel condition. D) hireing all white employer which is contradictve to the D.O.C. equal oppertunty employer Policy, in which subject Brown to a highly racial environment from white officials, E) depriving Plaintiff medical treatment, F) damaging and confiscating Plaintiff's Property, in which c/o Plocinik would give Plaintiff his Property back, Plaintiff was missing legal documents such as criminal appeal motions causing Plaintiff to lose his criminal appeal, also summary judgment motion in civil case, exhibits from civil cases, civil appeal documents all causing damages and or injuries to Plaintiff's case.
9. Plaintiff herewith avers that punitive damages are warranted by the aforesaid conduct and actions and as a result of the aforementioned conduct, which is herewith incorporated by reference.

Wherefore, Plaintiff demands judgment against the defendants individually, jointly and/or severally for compensatory damages in an amount in excess of $50,000.00, Plus Punitive damages in excess of $200,000.00, attorney's fees and costs, and each other relief and costs this Honorable court deem necessary and just.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? __✓__ Yes ____ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? __✓__ Yes ____ No

C. If your answer to "B" is Yes:

1. What steps did you take? When through the grievance system

2. What was the result? denied at each step. There is also major tampering with the mailing system being that I am a RHU inmate. Secretary office is consistently not respond- ing to my grievances, they claim my grievances are being send in is days after the record to the level which under my cash slip & inmate account would contredit that

D. If your answer to "B" is No, explain why not: N/A

## III. DEFENDANTS

(1) Name of first defendant: N/A
Employed as _____ at _____
Mailing address: _____
(2) Name of second defendant: _____
Employed as _____ at _____
Mailing address: _____
(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. See Attachment 4 pg

2

2. _____

3. _____

## V. RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. _____ See Attachment 4 pg _____

2. _____

3. _____

3

I declare under penalty of perjury that the foregoing is true and correct.

Signed this \_\_\_\_5\_\_\_\_ day of _____7_____, 20 _19_.

_____
(Signature of Plaintiff)

4

Name Carlos Brown
Number MA6401
1100 Pike Street
Huntingdon, PA 16654-1112

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS

United States District Court
235 North Washington Ave
P.O. Box 1148
Scranton, PA 18501

RECEIVED
SCRANTON
MAY 15 2019
ER _____
DEPUTY CLERK

Inmate Mail - PA DEPT OF CORRECTIONS