IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | CIVIL NO. 3:19-CV-839 |
| | : | |
| Plaintiff, | : | |
| | : | (Chief Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PAULA PRICE, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### I.   Factual Background

This is a *pro se* lawsuit brought by a state prisoner. The plaintiff, Gartor Kiki Brown, alleges that a correctional officer planted a piece of metal in his meal tray in July of 2018 in retaliation for Brown's prior activities, and avers that the other defendants denied him medical treatment after accusing him of faking his injuries. (Doc. 1). He further contends that he was housed under harsh conditions after this incident and his property was confiscated. (Id.) On the basis of these factual averments, Brown brings numerous claims, including retaliation, cruel and unusual punishment, denial of access to the courts, and various state law claims. (Id.)

The parties are now engaged in discovery, and Brown has filed two motions in the nature of motions to compel. (Docs. 56, 65). These motions seek a wide array of discovery relief. (Id.) The defendants have responded to the motions, asserting that many of the items sought by Brown have either been produced or do not exist.

1

As for Brown's remaining discovery demands, the defendants have lodged objections to the disclosure of many of these specific items. (Doc. 63). Thus, these motions to compel are fully briefed and are ripe for resolution.

For the reasons set forth below, these motions to compel will be granted, in part, and denied, in part, as discussed below.

## II. Discussion

### A. Guiding Principles.

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under

2

abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson

3

v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits....Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information")).

Accordingly, at the outset it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept that is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Rather, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This concept of relevance is tempered, however, by principles of proportionality. Thus we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.' " Fassett v. Sears Holdings Corp., 319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)). Finally:

> [O]ne other immutable rule defines the court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc., No. 08–5904, 2010 WL 5186088 (E.D.Pa. Dec.21, 2010); Knauss v. Shannon, No. 08–1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

Hagan v. Dolphin, No. 1:13-CV-2731, 2015 WL 3454499, at *5 (M.D. Pa. May 29, 2015).

### B. **These Motions to Compel Will Be Granted, in Part, and Denied, in Part.**

These principles control here and call for the denial of many of the plaintiff's discovery demands. At the outset, the defendants represent that many of the items sought by Brown have either been produced or do not exist. With respect to these previously produced or non-existent items, Brown is not entitled to any further relief, and his motion to compel will be denied.

Brown has also lodged a series of objections to the answers to interrogatories submitted by the defendants. However, in many instances the gist of Brown's

objection is that he disagrees with the defendant's response to the interrogatory, and it is clear that "the Court cannot grant a motion to compel solely because the moving party does not believe the responding party's answer to an interrogatory." O. L. v. City of El Monte, 2021 WL 926105, at *17 (C.D. Cal. Jan. 11, 2021), review denied, 2021 WL 1031146 (C.D. Cal. Mar. 15, 2021), appeal dismissed sub nom. O. L. v. Jara, 2021 WL 2472366 (9th Cir. Apr. 19, 2021). Therefore, to the extent that Brown seeks to have us compel the defendants to submit different answers to these interrogatories, his motions will be denied.

Further, Brown's motions seek to compel the production of information that was never previously the subject of a discovery request. As to these items, the defendants have agreed to seek for the newly requested material and to produce it, if it exists. Given this response, we note that the plaintiff's motion to compel is premature since under federal practice, the plaintiff "must direct his discovery requests to defense counsel, and only after a dispute has arisen, file a motion to compel." White v. Bledsoe, 2008 WL 4793737 (M.D. Pa. Oct. 31, 2008).

Likewise, Brown has requested access to certain prison policies, but we have been informed that copies of those policies are available in the prison law library. We deem this to be a sufficient response to these particular discovery demands. See Allen v. Eckard, 2019 WL 1099001, at *2 (M.D. Pa. Mar. 8, 2019). In the same vein, the defendants have provided Brown with copies of his medical records from the

relevant time period, and have stated that he may further inspect his personal medical records at the institution upon request. This, too, is a sufficient response to these discovery requests.

Finally, Brown has also sought exercise and shower signup sheets for the relevant time period, apparently because he believes that this information will support a claim that he was housed under disparately harsh conditions. The defendants object to the release of this information in the format requested by Brown for two reasons. First, they contend that, in the form requested by Brown, the information discloses third-party inmate identities in a manner that is forbidden by prison policy. In addition, the defendants seem to question the relevance of this information in light of their contention that Brown refused shower and exercise opportunities.

We agree that the identities of third-party inmates should be shielded from disclosure, but believe that the fact that other inmates were given exercise and shower access during the time when Brown alleges that he was denied such services may be discoverable. Therefore, to the extent that these signup sheets reveal the number of inmates who had access to these services, that fact may be relevant, and the number of inmates who were provided these services should be disclosed, without producing the names of these inmates.

An appropriate order follows.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge

DATED: July 26, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARTOR KIKI BROWN,** | : | **CIVIL NO. 3:19-CV-839** |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Jones)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PAULA PRICE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW this 26th day of July 2021, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motions to compel, (Docs. 56 and 65), are GRANTED, in part, and DENIED, in part, as follows: To the extent that shower and exercise signup sheets reveal the number of inmates who had access to these services at a time when Brown alleges he was denied access to exercise or showers, that fact may be relevant, and the number of inmates who were provided these services during the relevant time period should be disclosed, without producing the names of these inmates. In all other respects, the motions are DENIED.

<u>S/Martin C. Carlson</u><br>
Martin C. Carlson<br>
United States Magistrate Judge